UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| FREDERICK A. AVERY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00255 |
| | ) | Judge Trauger |
| KEVIN GENOVESE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Frederick Alexander Avery, a state prisoner, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and an amended petition (Doc. No. 22). The respondent filed an answer (Doc. No. 38) and the petitioner filed a reply (Doc. No. 39), followed by two supplements (Doc. Nos. 43 at 44). For the following reasons, the petitioner is not entitled to relief under Section 2254 and this action will be dismissed.

**I.      Background**

A Davidson County jury convicted the petitioner and his brother of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. (Doc. No. 25-1 at 60–63.) The petitioner received sentences of life without the possibility of parole and 20 years' imprisonment, to be served consecutively. (*Id.*) The Tennessee Court of Criminal Appeals ("TCCA") affirmed. *State v. Avery*, No. M2008-01809-CCA-R3-CD, 2009 WL 4724430 (Tenn. Crim. App. Dec. 10, 2009). The petitioner filed a *pro se* application for permission to appeal to the Tennessee Supreme Court ("Rule 11 Appeal") (Doc. No. 25-11), and later testified that "it was dismissed because he was represented by counsel." *Avery v. State*, No. M2011-02493-CCA–

R3-PC, 2013 WL 451867, at *1 (Tenn. Crim. App. Feb. 6, 2013). The petitioner's counsel also filed a Rule 11 Appeal, and the Supreme Court denied it as untimely. (Doc. No. 25-12.)

The same counsel represented the petitioner at trial, on direct appeal, and in these Rule 11 Appeal proceedings. For clarity, the court will refer to this attorney as "trial counsel."

The petitioner then filed a *pro se* petition for post-conviction relief (Doc. No. 25-13 at 39–53), and the post-conviction court appointed counsel (*id.* at 56–58). The court will refer to this attorney as "post-conviction counsel."

Post-conviction counsel filed an amended petition. (*Id.* at 59–62.) After an evidentiary hearing, due to trial counsel's admitted miscalculation of the Rule 11 Appeal deadline, the post-conviction court reopened the petitioner's direct appeal to allow him to file a delayed Rule 11 Appeal.[1] (Doc. No. 25-13 at 74.) Post-conviction counsel represented the petitioner in these delayed Rule 11 Appeal proceedings. (Doc. No. 25-19 (Rule 11 Appeal brief).) And in February 2012, the Supreme Court denied the petitioner's Rule 11 Appeal. (Doc. No. 25-21.)

With the petitioner's post-conviction claims still pending, the proceedings returned to the post-conviction court. At a hearing in March 2012, "the petitioner waived any conflict of interest with his current counsel and advised the court that he had chosen not to amend the post-conviction petition regarding any Rule 11 grounds." *Avery v. State*, No. M2014-02427-CCA-R3-PC, 2015 WL 6768884, at *4 (Tenn. Crim. App. Nov. 6, 2015). Over a year and one-half later, however, the petitioner filed a *pro se* motion requesting the appointment of new post-conviction counsel and the opportunity to amend the post-conviction petition. (Doc. No. 25-22 at 70.) The post-conviction court denied these requests, as well as the petitioner's claims. (*Id.* at 73–74 & n.2.)

---

[1] The post-conviction court also denied the petitioner's claims on the merits at that time. (Doc. No. 25-13 at 71–73.) But the TCCA subsequently instructed the court to enter an "order granting the delayed Rule 11 appeal but holding the post-conviction proceedings in abeyance pending the final disposition of the Rule 11 application." *Avery*, 2013 WL 451867, at *2. The post-conviction court complied. (Doc. No. 25-22 at 68.)

2

Post-conviction counsel continued to represent the petitioner on appeal. (Doc. No. 25-23 (post-conviction appeal brief).) The TCCA affirmed the denial of the petition, *Avery*, 2015 WL 6768884, and the Tennessee Supreme Court denied discretionary review. (Doc. No. 25-28.)

## II. Claims

The petitioner asserts three claims here. First, he asserts that the trial court erred by imposing an indeterminate sentence, which is illegal under the Tennessee Rules of Criminal Procedure and Tennessee law. (Doc. No. 1 at 4; Doc. No. 22 at 3.) Second, the petitioner asserts that he received ineffective assistance of counsel, stating that his *pro se* efforts were "denied" because his attorney abandoned him without withdrawing as attorney of record. (*Id.* at 5.)[2] And third, the petitioner asserts that post-conviction counsel was ineffective because she was reprimanded "by the Board for [the petitioner's] allegations of malicious prosecution[,] abuse of process, abandonment, [and] filing groundless appeals without [his] consent." (Doc. No. 22 at 3.)[3]

## III. Standard of Review

Federal courts have the authority to grant habeas relief to state prisoners under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under AEDPA, a claim "adjudicated on the merits" in state court cannot be the basis for federal relief unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under

---

[2] This claim is asserted in a space on the petition form for explaining why the petitioner did not previously present his claims in another court. (Doc. No. 1 at 5.) Nonetheless, the court liberally construed this as an independent claim. (Doc. No. 23 at 2.)

[3] This assertion first appeared in the petitioner's motion to file a second or successive habeas petition, filed in the Sixth Circuit. (Doc. No. 22 at 2.) The Sixth Circuit denied this motion as unnecessary. (Doc. No. 21.) The motion was then filed here, and this court liberally construed it as an amended petition. (Doc. No. 23 at 1.)

3

AEDPA," therefore, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

The demanding review of claims rejected on the merits in state court, however, is ordinarily only available to petitioners who "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). "To be properly exhausted, each claim must have been 'fairly presented' to the state courts," meaning that the petitioner presented "the same claim under the same theory . . . to the state courts." *Wagner v. Smith*, 581 F.3d 410, 414, 417 (6th Cir. 2009) (citations omitted).

The procedural default doctrine is "an important 'corollary' to the exhaustion requirement," under which "a federal court may not review federal claims that . . . the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citations omitted). A claim also may be "technically exhausted, yet procedurally defaulted," where "a petitioner fails to present a claim in state court, but that remedy is no longer available to him." *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)).

To gain review of a procedurally defaulted claim, a petitioner must "establish 'cause' and 'prejudice,' or a 'manifest miscarriage of justice.'" *Middlebrooks v. Carpenter*, 843 F.3d 1127, 1134 (6th Cir. 2016) (citing *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014)). Cause may be established by "show[ing] that some objective factor external to the defense"—a factor

that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (citations omitted). To establish prejudice, "a petitioner must show not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (quoting *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991)) (internal quotation marks omitted). There is also "a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 392 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

**IV.    Analysis**

Before analyzing the petitioner's claims, the court first clarifies their construction. The crux of Claims 1 and 3 is evident—Claim 1 is an illegal-sentence claim, while Claim 3 is a claim of ineffective assistance of post-conviction counsel. But the basis of Claim 2 is not immediately clear. Indeed, the respondent argues that this claim should be dismissed as "too vague" because the petitioner asserts that he received ineffective assistance without specifying which counsel rendered the allegedly deficient performance. (Doc. No. 38 at 6.)

Because the petitioner asserts a distinct claim of ineffective assistance against post-conviction counsel in Claim 3, however, it is reasonable to infer that Claim 2 refers to the petitioner's other appointed attorney. Thus, the court construes Claim 2 to assert that trial counsel provided ineffective assistance during the petitioner's direct appeal proceedings.[4] So construed, the petitioner's three claims will be denied.

---

[4] This construction is consistent with the state court record. In the petitioner's *pro se* application for permission to appeal his direct appeal proceedings to the Tennessee Supreme Court, he complains that trial counsel "abandon[ed] him as a client" after trial and did not "file[] a motion to withdraw." (Doc. No. 25-11 at 8–9.) This language tracks the language in Claim 2.

5

A.     **Claim 1—Illegal Sentence**

The petitioner first asserts that the trial court erred under state law and state rules of procedure by imposing an indeterminate sentence. The respondent contends that this claim is not cognizable in this federal habeas proceeding. (Doc. No. 38 at 5–6.) The court agrees.

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he Supreme Court has 'stated many times that federal habeas corpus relief does not lie for errors of state law.'" *Thomas v. Stephenson*, 898 F.3d 693, 700 (6th Cir. 2018) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). This includes asserted errors in the application of state sentencing law. *See Noonan v. Burton*, No. 17-2459, 2018 WL 6584905, at *3 (6th Cir. Oct. 15, 2018) (citing *Estelle*, 502 U.S. at 67) ("[T]o the extent that [the petitioner] alleges that the trial court's sentencing decision violated state law, his claim is not cognizable on federal habeas review."). Here, in both the original petition and amended petition, the petitioner does not attempt to argue this claim as a matter of federal law. Claim 1 will be denied for this reason.

Even if the petitioner argued this claim under federal law, moreover, it would be procedurally defaulted without cause. The petitioner did not present a claim that his sentence is impermissibly indeterminate to the TCCA on either direct or post-conviction appeal. He can no longer do so under Tennessee Rule of Appellate Procedure 4, Tennessee's one-year statute of limitations for post-conviction petitions, and Tennessee's "one-petition" limitation on post-conviction relief. Tenn. Code Ann. §§ 40-30-102(a), (c). This argument is therefore defaulted.

Through Claim 2, the petitioner generally asserts that he received ineffective assistance from trial counsel on direct appeal.[5] But the petitioner could not rely on this as an allegation of

---

[5] In the amended petition, the petitioner also seems to imply that the court should excuse the procedural default of his illegal-sentence claim under *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. No. 22 at 3.) But *Martinez* is strictly limited

6

cause to overcome any default because "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). And here, the petitioner did not exhaust a claim that trial counsel was ineffective for failing to challenge his sentence as impermissibly indeterminate. Accordingly, the petitioner would not be entitled to relief even if he argued Claim 1 under federal law.

### B. Claim 2—Ineffective Assistance of Trial Counsel on Appeal

Next, the petitioner asserts that trial counsel provided ineffective assistance by abandoning him during his direct appeal proceedings without withdrawing as attorney of record. On post-conviction appeal, the petitioner contended as follows: "[T]he fact that [trial] counsel missed the deadline for filing the Rule 11 application 'reinforces the [petitioner's] position that [counsel] was simply uninterested, unable, and unwilling to properly defend him in the case.'" *Avery*, 2015 WL 6768884, at *5. Based on this argument, the court liberally construes Claim 2 to have been exhausted on post-conviction appeal.

The TCCA affirmed the denial of the petitioner's post-conviction petition with little analysis, without specifically addressing the argument raised in Claim 2. *See Avery*, 2015 WL 6768884, at *5 (summarizing trial counsel's evidentiary hearing testimony and the post-conviction court's findings before concluding that "[t]he record fully supports the findings and conclusions of the post-conviction court"). The court therefore presumes that the TCCA rejected the petitioner's argument on the merits. *See Harrington*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the

---

to claims of "ineffective assistance of counsel at trial," *Davila*, 137 S. Ct. at 2065–66, so it does not apply to this claim of trial court error.

state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

The TCCA accurately identified and explained the federal standard governing the adequacy of a criminal defendant's representation, as defined in *Strickland v. Washington*, 566 U.S. 668 (1984). *Avery*, 2015 WL 6768884, at *4. Under *Strickland*, a petitioner must show (1) deficient performance and (2) prejudice to the defendant. *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citing *Strickland*, 466 U.S. at 687). Trial counsel's performance is deficient where it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. And to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[A] court deciding an ineffective assistance claim" need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

The TCCA's rejection of this claim was reasonable. The court first notes that trial counsel did not actually "abandon" the petitioner on direct appeal because he, in fact, filed a timely brief on the petitioner's behalf before the TCCA. (Doc. No. 25-7 (direct appeal brief)); *see Young v. Westbrooks*, 702 F. App'x 255, 259–66 (6th Cir. 2017) (distinguishing *Maples v. Thomas*, 565 U.S. 266 (2012)) (explaining that post-conviction counsel did not "abandon" a habeas petitioner where counsel filed a brief that was considered on the merits). And as to trial counsel missing the Rule 11 Appeal deadline, the petitioner has not demonstrated that he suffered any prejudice. The post-conviction court reopened the petitioner's direct appeal to allow him to file a delayed Rule 11 Appeal, and post-conviction counsel filed it. Although this Rule 11 Appeal was ultimately denied, the Supreme Court considered the application as it would have if trial counsel originally

filed it in a timely manner. Accordingly, the petitioner's claim that trial counsel provided ineffective assistance on direct appeal is without merit.

As part of Claim 2, the petitioner also asserts that the trial court erred in "rejecting [his] request for discharge of appointed counsel." (Doc. No. 1 at 5.) For context, this claim seems to reference the petitioner's motion, filed in the trial court with the following title: "Pro Se Motion for Court Order to Compel Appointed Attorney to Release All Case Filed to Indigent Client Prior to Being Paid by State for Rendered Services." (Doc. No. 25-22 at 13–17, 21.) Through this motion, the petitioner requested an order directing trial counsel to provide him a copy of everything in the case file prior to being paid or discharged from the case. (*Id.* at 16.) On January 7, 2010, the trial court denied this motion because the petitioner's "case [was] on appeal" and the trial court "ha[d] no authority over [his] case." (*Id.* at 21–22.)

To the extent that the petitioner intends to bring an independent claim based on the trial court's denial of this motion, it will be denied. The petitioner defaulted this claim by failing to present it to the TCCA at any point. And the petitioner cannot point to trial counsel's asserted appellate ineffectiveness as cause to overcome this default because, as with Claim 1, the petitioner did not exhaust such a claim on post-conviction appeal. *See Hodges*, 727 F.3d at 530 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."). For all of these reasons, Claim 2 will be denied.

### C.  Claim 3—Ineffective Assistance of Post-Conviction Counsel

Lastly, the petitioner asserts that post-conviction counsel was ineffective. The respondent argues that this claim should be denied as not cognizable or untimely. (Doc. No. 38 at 10–11.) Because this claim is clearly non-cognizable and conclusory, it is unnecessary to address the timeliness issue here. *See Payne v. Horton*, No. 2:18-CV-10231, 2018 WL 5981696, at *1 (citing

*Smith v. State of Ohio Dep't of Rehab.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006)) (considering the merits of habeas claims where the respondent argued that they were untimely).

Both statute and long-standing precedent bar any stand-alone claims of ineffective assistance during post-conviction proceedings. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.") (citations omitted).

To the extent that the petitioner argues that post-conviction counsel was ineffective in handling his delayed Rule 11 Appeal, this claim is conclusory at most. Shortly after the Tennessee Supreme Court denied the petitioner's delayed Rule 11 Appeal, the post-conviction court held a hearing where "the petitioner waived any conflict of interest with his [post-conviction] counsel and advised the court that he had chosen not to amend the post-conviction petition regarding any Rule 11 grounds." *Avery*, 2015 WL 6768884, at *4. The post-conviction court's order on this hearing specifies that the petitioner's waiver was "knowing and voluntary." (Doc. No. 25-22 at 62.) Nowhere in the petitioner's filings does he explain how, exactly, post-conviction counsel was deficient in litigating the delayed Rule 11 Appeal. The petitioner also has not identified any argument post-conviction counsel could have made with a reasonable probability of resulting in a different outcome. Such "conclusory and perfunctory" claims of ineffective assistance "are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant *habeas* relief." *Wogenstahl v. Mitchell*, 668 F.3d 307, 335–36 (6th Cir. 2012). Claim 3 will be denied.

## V.     Proposed Claims in the Petitioner's Two Supplements

The petitioner also has not provided a basis for relief in his late-filed supplements. The petitioner refers to the first supplement as an "amendment" to his habeas corpus petition that raises "jurisdictional [and] indictment issues." (Doc. No. 43 at 1.) The second supplement, likewise, asserts that the Davidson County Criminal Court "stepp[ed] outside the scope of its authority and usurp[ed] jurisdiction." (Doc. No. 44 at 1.) Together, the court considers these filings as a motion to amend the petition. But for the following reasons, it would be futile to allow the petitioner to add the claims in these two supplements.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of habeas corpus petitions in federal court. *Mayle v. Fenix*, 545 U.S. 644, 655 (2005). Under Rule 15(a)(1), a party may "amend its pleading once as a matter of course" within either 21 days of serving it, or 21 days after the opposing party files a response or motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, the petitioner may not amend as a matter of course because he did not file these two supplements within the necessary time period, and the respondent did not give written consent. Accordingly, the petitioner may only amend with the court's leave.

Federal courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In evaluating the interests of justice, courts consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)). Here, the court will not grant the petitioner leave to amend because the petitioner's proposed claims are untimely.

There is a one-year statute of limitations for filing habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The court previously determined that the petitioner's limitation period started running on March 23, 2016. [6] (Doc. No. 31 at 3–6.) The petitioner filed his original petition on January 25, 2017 (*id.* at 6), but "a federal habeas petition does not toll the limitations period." *Connolly v. Howes*, 304 F. App'x 412, 416–17 (6th Cir. 2008) (citing *Duncan v. Walker*, 533 U.S. 167, 172 (2001)). Thus, the petitioner's limitation period expired on March 23, 2017. He did not file the supplements asserting new proposed claims until May 2019 (Doc. No. 43) and October 2019 (Doc. No. 44), respectively. The proposed claims are therefore untimely.

"[C]laims otherwise barred by AEDPA's limitations period may be added to a habeas petition under Federal Rule of Civil Procedure 15 if they 'relate back' to the 'conduct, transaction, or occurrence' in the original petition." *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001–02 (6th Cir. 2006) (citing *Mayle*, 545 U.S. at 648–50). "[T]o qualify for relation back, the original and [proposed] petitions must 'state claims that are tied to a common core of operative facts.'" *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) (quoting *Mayle*, 545 U.S. at 664). A proposed claim "does not relate back to the original petition 'when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* (quoting *Mayle*, 545 U.S. at 650).

Here, the petitioner's proposed claims are difficult to discern, but the first supplement explicitly states that it is raising "jurisdictional and indictment issues." (Doc. No. 43 at 1.) The petitioner seems to assert that the indictment was invalid because some of the grand jurors were either "legally [un]qualified" or "improperly selected." (*Id.* at 1–2.) The first supplement does not expand on any jurisdictional issues. The second supplement, meanwhile, focuses on little else. It

---

[6] The court determined this date in the course of denying the respondent's motion to dismiss the petitioner's original habeas petition as untimely. (Doc. Nos. 31 and 32.)

12

is titled "Petition for Writ of Prohibition Challenging Jurisdiction," and contains several pages of disjointed legalese supposedly standing for the general proposition that the State of Tennessee did not have jurisdiction to prosecute the petitioner for the charged offenses. (Doc. No. 44 at 1, 4.)

The court concludes that these proposed claims do not "relate back" to the petitioner's original or amended petition. As discussed in the analysis above, *see supra* Section IV, the petitioner asserts that his sentence is indeterminate, he received ineffective assistance of counsel on direct appeal, and he received ineffective assistance of post-conviction counsel. These claims do not involve any facts that might support the petitioner's proposed claims, which stem from alleged deficiencies in the indictment and an asserted lack of jurisdiction. Thus, the petitioner's proposed claims are "new ground[s] for relief supported by facts that differ in both time and type" from the petitioner's original claims. *See Mayle*, 545 U.S. at 650. It would be futile to allow the petitioner to amend the petition to add these untimely proposed claims.

Finally, the court notes that "AEDPA's limitations period is not jurisdictional, so may be tolled for equitable reasons." *Watkins*, 854 F.3d at 851 (citing *Holland v. Florida*, 560 U.S. 631, 645–49 (2010)). To qualify for equitable tolling, a petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Here, the petitioner does not attempt to provide any explanation for the untimely filing of his proposed claims. Instead, he seems to argue only that "jurisdiction can be challenged at any time." (Doc. No. 44 at 3.) This argument does not entitle the petitioner to equitable tolling.

## VI. Conclusion

For these reasons, the petitioner's original petition (Doc. No. 1) and amended petition (Doc. No. 22) will be denied, and it would also be futile to allow the petitioner to add the proposed claims in his two supplements. (Doc. Nos. 43 and 44.) Accordingly, this action will be dismissed.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484). Here, the court concludes that the petitioner has not satisfied these standards, and will therefore deny a certificate of appealability.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge